## STATE v. W. S. HOWELL.

[64 South. 159.]

INDICTMENT. *Sufficiency. Duplications.*

An indictment which charges the crime of embezzlement in apt, technical and comprehensive language, and at the conclusion charges that defendant "unlawfully and feloniously did take, steal and carry away" the property alleged to have been embezzled, is not duplicitous as charging the crime of embezzlement and larceny in the same court.

APPEAL from the circuit court of Attala county.

HON. J. A. TEAT, Judge.

W. S. Howell was indicted for embezzlement and upon demurrer to the indictment being sustained the state appeals.

The two indictments referred to in the opinion are as follows:

First: "That W. S. Howell in said county, on the 2d day of September, A. D. 1912, being then and there the agent, servant, employee, and bailee of the Jackson-Wallace Company, a copartnership, composed of F. Z. Jackson, Sr., L. Doty Jackson, Mrs. C. Jackson, and Harvey Wallace, doing business under the style and firm name of 'Jackson-Wallace Company,' did then and there unlawfully, willfully, and feloniously embezzle and fraudulently secrete and convert to his own use, and make away with and secrete with the felonious and fraudulent intent to embezzle and convert to his own use, twenty-five dollars of the good and lawful money of the United States of America, the kind and description being to the grand jurors unknown, of the value of twenty-five dollars, of the property of the said Jackson-Wallace Company; by virtue and by means of his said agency, place, employment, and bailment, as aforesaid, did then and there re-

ceive, take into his possession, and was then and there intrusted to his care, by virtue of his said place, agency, employment, and bailment as aforesaid, the said sum of twenty-five dollars, of the value of twenty-five dollars, the kind and description being to the grand jurors unknown, the property of the said Jackson-Wallace Company, the said money being then and there received by and intrusted to him (the said W. S. Howell) for and in the name of and on account of the said Jackson-Wallace Company, and afterwards did then and there fraudulently, unlawfully, willfully, and feloniously embezzle, secrete, and apply to his own use the said twenty-five dollars of the property of the Jackson-Wallace Company, his employer and master as aforesaid, from the said Jackson-Wallace Company, willfully, unlawfully, and feloniously did take, steal, and carry away, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Mississippi."

Second: "That W. S. Howell in said county, on the 2d day of September, A. D. 1912, being then and there the agent, servant, employee, and bailee of F. Z. Jackson, Sr., did then and there unlawfully, willfully, and feloniously embezzle and fraudulently secrete and convert to his own use, and make away with and secrete with the felonious and fraudulent intent to embezzle and convert to his own use, one thousand five hundred and forty-one dollars of good and lawful money of the United States of America, the kind and description being to the grand jurors unknown, of the value of one thousand five hundred and forty-one dollars, of the property of F. Z. Jackson, Sr.; by virtue and by means of the said agency, place, employment, and bailment, as aforesaid, did then and there receive, take in his possession, and was then and there intrusted to his care by virtue of his said place, agency, and employment, as aforesaid, one thousand five hundred and forty-one dollars of good and lawful money of the United States of America, of the value

of one thousand five hundred and forty-one dollars, the
kind and description of said money being to the grand
jurors unknown, and said money being then and there
received by and intrusted to the said W. S. Howell for
and in the name of and on account of the said F. Z. Jack-
son, Sr., and afterwards did then and there fraudulently,
willfully, and feloniously embezzle, secrete, and appro-
priate to his own use the one thousand five hundred and
forty-one dollars, the property of the said F. Z. Jackson,
Sr., his employer and master aforesaid, from the said
F. Z. Jackson, Sr., willfully, unlawfully, and feloniously
did then and there steal, take, and carry away, contrary
to the form of the statute in such cases made and pro-
vided, and against the peace and dignity of the state of
Mississippi.''

*Geo. H. Ethridge,* assistant attorney-general, for the
state.

It is difficult to see upon what grounds or reason the
demurrers were sustained. The indictment charges a
perfect case of embezzlement under section 1136 of the
Code and it is certainly sufficient under 1436 of the Code.
I infer from the demurrer that the defendant challenged
the validity of the indictment mainly on the theory that
the indictment charged both an embezzlement and lar-
ceny. I submit that the indictment does not charge lar-
ceny and that it is not open to objection for duplicity.
The indictment is a good deal like the indictment in *State
v. Journey,* 62 So. 354. An analysis of section 1136 of the
Code in a comparison of the indictment will show that
the indictment charges every necessary averment of the
Statute. The mere fact that the indictment concluded
in every case with the averment, ''did then and there
steal and carry away'' would not affect the validity of
the charge as to the embezzlement. It is a familiar rule
that where an indictment charges a crime, setting out
the necessary allegations, and also attempting to charge
another crime but does not charge it sufficiently, it will

be referred to the good charge and will not be bad for duplicity.

In case of *Donaldson* v. *State,* it was held that an indictment charging that the person did, "forge, counterfeit, and alter" an instrument of writing would not render an indictment bad for duplicity. See 59 So. 99.

In *State* v. *Broughton,* 71 Miss. 90, it was held not to be duplicity for an indictment to unnecessarily charge an intent to injure a person from whom it was collected, as well as an intent to defraud the person from whom the money was taken.

In the case of *Sterling* v. *State,* 90 Miss. 255, it was held that under this statute, the state could charge any number of the things embraced in the statute as it saw proper and it would not be bad for duplicity and the state would not have to elect on which count it would proceed.

In *Richburger* v. *State,* it was held sufficient to charge the offense in the language of the statute and that the exact words of the statute need not be used; that it might be charged in language having the same meaning. See 90 Miss. 806.

In *Smith* v. *State,* 57 Miss. 822, it was held that charging an assault and battery in the same count with burglary would not render the indictment bad for duplicity because the assault and battery was not charged as a substantive offense, but as demonstrating the burglarious intent. Numerous other cases could be cited but the case at bar falls within the principle that where an act is charged that tends to prove anything that is a necessary ingredient of the case it will not be bad for duplicity.

It is evident from the whole indictment in these cases at bar that the allegation about, "did then steal and carry away" was put in the indictment to show that the intent and purpose was to cover the things embezzled, and it was not the purpose of the pleadings to charge larceny as a separate, substantive offense. I sub-

mit that the indictments are good as to the charge of embezzlement, and while not in the precise form that was desired, still the defendant should be placed on trial and it is manifest that the indictment would inform him of the charge against him and could be used in bar of a second prosecution.

I submit therefore that the action of the trial judge should be reversed on each indictment.

*H. T. Leonard* and *Thos. Land,* for appellant.

First. Not bad for duplicity. Although the statute provides that certain acts of conversion, etc., shall constitute larceny, an indictment for larceny is not difficult, but the indictment should contain all the material averments which are essential in an indictment for larceny, such as allegations concerning the property, ownership, intent, etc., and may conclude with the averment, and so did take, steal and carry away, etc.   Such conclusion, however, is not necessary, especially where the statute does not declare the acts enumerated shall constitute larceny.   But it does not vitiate the indictment, nor render it duplicitous as charging both embezzlement and larceny.   7 Enc. Pl. & Pr., p. 417 (with notes).

Second. Indictment for embezzlement concluding with, "did then and there unlawfully, wilfully, fraudulently and feloniously take, steal and carry away, etc.," pronounced good by Judge Cook. *State* v. *Journey,* 62 So. 354.

Third. An indictment for embezzlement may conclude with the usual formulary, "take, steal and carry away, etc." Hughes Criminal Procedure, p. 148, sec. 545, *et seq.*

Fourth. Embezzlement and larceny charged in same count, not bad for duplicity. *Jewett* v. *United States,* 100 F. 832; 53 L. R. A. 568; 10 Decennial Digest, pages 1605 and 1610; *State* v. *Humphries,* 70 Pa. 832; 22 Cyc. 394.

106Miss.30

· Cook, J., delivered the opinion of the court.

Appellant was indicted by the grand jury of Attala county twice for the crime of embezzlement. Separate demurrers were interposed to the indictments, both of which were sustained, and the state appeals.

Both indictments charge the crime of embezzlement in apt, technical, and comprehensive language, and at the conclusion charges that the defendant "unlawfully and feloniously did take, steal, and carry away" the property alleged to have been embezzled. There were numerous assignments of demurrer, none of which are maintainable, but we shall notice the assignment that the indictments are duplicitous in that they charge both the crime of embezzlement and larceny in the same count.

The indictment in *State* v. *Journey,* 62 So. 354, is very like the indictments in the present case, and this court held the indictment to be beyond criticism.

Mr. Bishop, in his Directions and Forms, has this to say about indictments charging embezzlement:

"401. Indictment Peculiar and How.—Alike under the earlier statutes of embezzlement and under most of the modern ones, as commonly interpreted, the indictment is required to be wrought and twisted into such special shape as to charge, in a single count and as one offense, two dissimilar offenses, the one statutory and the other at common law. The one of these offenses is embezzlement as defined by the statute, and the other is common-law larceny; and the pleader must not omit from his allegations a particle of what belongs to either, a rule, however, which by statute passed from time to time has been more or less relaxed. Hence:

"402. Elements of Indictment—In the absence of a relaxing statute, the indictment must charge, in addition to venue and time, that the defendant did feloniously steal, take and carry away, not so much money, but such and such enumerated coins, bank bills, chairs, tables or other articles; stating also the ownership of them, and,

as far as the rule in larceny requires, the value. This is the larceny element, charged after the manner of the common law. The other is the statutory element; and the indictment, into which the larceny element is woven, covers the particular statute, like other indictments on statutes."

It would be entirely safe and the better practice for district attorneys to follow the form prescribed by Mr. Bishop, but we do not say that it is necessary to charge larceny, but we do hold that it is entirely proper to do so.

*Reversed and remanded.*